**FILED**

DEC 2 8 2007

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES R. OWENS,** | ) | Civil No. _07- 5094_ |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| **BLACK WATCH, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

James R. Owens, for his Complaint states as follows:

## I.     JURISDICTION AND VENUE

1.     This Court has jurisdiction of the claim herein pursuant to 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. § § 1331 and 1343(a)(4). This civil action arises under the laws of the United States.  Plaintiff is alleging a violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § § 2000e et seq.

2.     Venue herein is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3).  Black Watch, Inc. is an employer doing business within the State of South Dakota, and the unlawful employment practice of which Plaintiff is complaining was committed in the State of South Dakota.

## II.     PARTIES

3.     Plaintiff, James R. Owens ("Owens"), is an individual who resided in Rapid City, South Dakota at all times pertinent hereto.  Owens began employment with Black Watch, Inc. ("Black Watch") in November of 2006 as a dispatcher.

4.     Black Watch's principal place of business is 4447 South Canyon Road, County of Pennington, State of South Dakota.

5.      Based on information and belief, at all times pertinent hereto Black Watch has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

### III.    PROCEDURAL REQUIREMENTS

6.      Owens has complied with all the jurisdictional prerequisites to bring action under Title VII of the Civil Rights Act of 1964, as follows:

a)      On or about March 19, 2007, Black Watch altered Owens' terms and conditions of employment because of the policies, practices, customs and usage complained of herein;

b)      On or about May 10, 2007, Owens' complaint against Black Watch was received and filed by the South Dakota Division of Human Rights;

c)      On or about May 10, 2007, Owens filed a charge of discrimination with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C.A. § 2000e-5(b), (e).  Such charge was filed within one hundred and eighty (180) days of the unlawful employment practice;

d)      On July 26, 2007, the South Dakota Division of Human Rights determined that there is probable cause to believe that Black Watch has violated the South Dakota Human Relations Act of 1972;

e)      On August 23, 2007, the South Dakota Division of Human Rights received Black Watch's election to have the matter heard in court.  The South Dakota Division of Human Rights consequently closed its administrative file; and,

      f)      Owens requested a right-to-sue letter from the EEOC, and on or about October 2, 2007, less than 90 days prior to the filing of this Complaint, the Equal Opportunity Commission issued to Owens a Notice of Right to Sue with respect to his charge of discrimination.

7.      Owens was not reasonably accommodated, was placed on administrative leave, and was discharged because of his disability.  The incidents described in the following section were part of a continuing series of incidents of discrimination which began in March of 2007, and which constituted a violation of Owens' Title VII rights, eventually leading to Owens' termination by Black Watch on April 4, 2007.

## IV.    ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      In March of 2007, Owens was offered a security guard position, which he declined.

9.      On March 14, 2007, Lt. Dave Threadgill, an employee of Black Watch, informed Owens that if he did not accept the security guard position, he would be terminated.  In response, Owens accepted the position.

10.      The change in job responsibilities negatively impacted Owens' health.

11.      On March 19, 2007, Tina Schuler ("Schuler"), the Office Manager of Black Watch placed Owens on unpaid administrative leave, pending a mental health evaluation from Owens' physician.

12.      Owens obtained the evaluation as demanded on March 22, 2007, which stated that Owens was compliant with all treatment, stable and competent per VA purposes, and that Owens was not a threat to himself or others.

13.      On April 4, 2007, Schuler informed Owens he was being terminated.

## V.    FIRST CLAIM FOR RELIEF:
## DISCRIMINATION BASED ON DISABILITY

14.    Owens has been diagnosed with Post Traumatic Stress Disorder, which is a
mental disability.  As such, he is a member of a group protected under Title VII from
discrimination on the basis of that disability.

15.    Owens was performing his job in a satisfactory manner, and job performance was
not listed as a factor for Black Watch's decision to terminate Owens.

16.    Owens was discharged despite his satisfactory job performance.

17.    Black Watch refused to provide the investigator from the South Dakota Division
of Human Rights with any information regarding whether Owens' position remained open or
whether it was filled by someone without a disability.

18.    Owens sustained emotional suffering and injury attributable to the discrimination,
and other damages.

## VI.    SECOND CLAIM FOR RELIEF:
## VIOLATION OF THE SOUTH DAKOTA HUMAN RELATIONS ACT –
## DISCRIMINATION BASED ON DISABILITY

19.    Plaintiff realleges all pervious paragraphs as if set forth herein.

20.    That Defendant, by its actions, and failure to act, engaged in a pattern or practice
of unlawful discrimination in violation of the South Dakota Human Relations Act and as found
in SDCL Chapter 20-13.

21.    As a result of the unlawful discrimination of the Defendant, Plaintiff suffered, and
continues to suffer severe emotional distress, and other injuries as set forth below.

## VII.    THIRD CLAIM FOR RELIEF:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

22.    Plaintiff realleges all previous paragraphs as if set forth herein.

4

23.     That Defendant engaged in negligent conduct.

24.     That as a direct and proximate result of Defendant's negligent conduct, Plaintiff suffered damages and was terminated because of his disability, which subsequently caused Plaintiff to undergo emotional distress.

25.     That as the direct and proximate result of the Defendant's negligence, Plaintiff has experienced the physical manifestations of such distress.

## VIII.   FOURTH CLAIM FOR RELIEF: INVASION OF PRIVACY

26.     Plaintiff realleges all previous paragraphs as if set forth herein.

27.     Defendant, through its actions, engaged in a pattern or practice of conduct that condoned an action, pattern, or practice that invaded the privacy of the Plaintiff.

28.     Defendant, through its own actions or failure to act, demonstrated an unreasonable, unwarranted, serious and offensive intrusion upon Plaintiff's seclusion.

29.     That Defendant's actions, or failure to act, were undertaken in such a fashion as to represent a reckless indifference to the rights of the Plaintiff.

30.     As a result of the invasion of Plaintiff's privacy, Plaintiff has suffered damages.

## IX.   FIFTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.     Plaintiff realleges all previous paragraphs as if set forth herein.

32.     Black Watch knew or should have known that the behavior of Schuler and the failure to act to remedy the same would result in serious emotional distress to the Plaintiff.

33.     In doing the acts, and in its failure to act, Defendant acted with a reckless and deliberate disregard for the likelihood Plaintiff would suffer severe emotional distress.

34.     Defendant's actions, and its failure to act or remedy the environment for which Plaintiff was subjected to, were outrageous in nature and demonstrated a reckless indifference to the rights of the Plaintiff.

35.     As a result of Defendant's actions, and failure to act, Plaintiff has suffered damages.

## X.     SIXTH CLAIM FOR RELIEF:
## PUNITIVE DAMAGES

36.     Black Watch acted with malice or with reckless indifference to Owens' federally protected civil rights and emotional and physical well being.

WHEREFORE, James R. Owens respectfully prays that this Court:

1.     Enter a declaratory judgment that the practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964;

2.     Issue an order requiring Defendant, Black Watch, Inc. to take steps to protect other employees similarly situated from the type of conduct described in Part IV, above, and from all other forms of discrimination in the future;

3.     Issue an order requiring Defendant, Black Watch, Inc. to adopt and disseminate a policy protecting employees from discrimination in the workplace and establishing reasonable and adequate procedures for investigating complaints of discrimination and taking suitable remedial action;

4.     Enter judgment against Defendant, Black Watch, Inc. for all earnings, wages, front pay and back pay, and any other benefits that Owens would have received but for the discriminatory practices of Black Watch, Inc., in an amount to be determined by the jury at trial;

5.     Enter judgment against Defendant, Black Watch, Inc. for future pecuniary losses, emotional distress, mental pain and suffering, and inconvenience suffered by Owens on account of the discriminatory practices of Defendant, in amount to be determined at trial by the jury;

6.     Enter judgment for punitive damages against Defendant Black Watch, Inc. in an amount to be determined at trial by the jury;

7.     Award Owens the costs and disbursements of this action, including reasonable attorney's fees in accordance with 42 U.S.C. §§ 1988 & 2000e-5(k); and,

8.    Grant such further relief as may be just and proper.

Dated this ___ day of December, 2007.

                              BANGS, McCULLEN, BUTLER,
                              FOYE & SIMMONS, L.L.P.


                         By:_____
                              Eric J. Pickar
                              Attorneys for Plaintiff
                              333 West Boulevard, Suite 400
                              P.O. Box 2670
                              Rapid City, SD  57709-2670
                              (605) 343-1040


**PLAINTIFF DEMANDS TRIAL BY JURY UPON ISSUES OF FACT.**